Per Curiam.
The plaintiff received the $300 note in suit from the defendant. The plaintiff and her son-in-law, Mr. Schultz, testify that they went together to her bank, corner of Fourth avenue and Fourteenth street, where she drew out $300, and that she subsequently gave the $300 to-the defendant for the note in suit.
The defendant testifies that he received but $260 for the note, the other forty having been retained by the plaintiff for the loan. The defense is usury. It nowhere appears that any particular rate of interest was talked over or ' agreed upon, or that any agreement was arrived at by which usurious interest was received or taken.
The defendant on his cross-examination negatives the idea of any usurious agreement, and insists that the note was wrongfully taken from him against his will, and that he tried to, but could not get it back. This evidence negatives the idea of any agreement on his part to pay forty dollars as interest. If this theory be true, there was no corrupt understanding by which usury was reserved or taken. The minds of the parties never met on this all important subject.
Story, in his work on contracts (section 377), says, there are three requisites to legal assent, namely: “It should be mutual, it should be without restraint and without error or mistake.”
Tyler, in his work on usury (page 103), says: “In order to constitute usury, there must be a corrupt intent to take more than the legal rate for the use of the money loaned. This is a very important ingredient to constitute the offense, and there can be no usury in any transaction in which the parties did not intend to do the thing forbidden by law.”
If, as the defendant claims, the note was wrongfully taken from him on receipt of the $260, he ought to return the $260 and get back' his note. A usurious agreement cannot be implied against the intention, acts and declarations of the parties concerned. Usury, such as the law condemns and punishes, civilly by forfeiture and criminally as crime, has not been proved in this case. The evidence entitled the plaintiff to receive either $300 or $260, .hence the verdict rendered in favor of the defendant was unwarranted, and the order granting the plaintiff a new trial must be affirmed, with costs.